IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESE C. MASSON, | ) Case No. 12-05335 SC |
| Plaintiff, | ) ORDER GRANTING MOTION TO DISMISS |
| v. | ) |
| SELENE FINANCE LP, et al., | ) |
| Defendants. | ) |

## I. INTRODUCTION

Plaintiff Therese C. Masson ("Plaintiff") brings this action in connection with the foreclosure and sale of her property. Now before the Court is a Rule 12(b)(6) motion to dismiss the action brought by Defendants Selene Finance, LP ("Selene"), SRMOF 2009-1 Trust; Selene RMOF REO Acquisition LLC, U.S. Bank Trust National Association, and Selene RMOF LLC (collectively, "Defendants"). ECF No. 11 ("Mot."). The Motion is fully briefed, ECF Nos. 17 ("Opp'n"), 18 ("Reply"), and appropriate for determination without oral argument. For the reasons set forth below, the Motion is GRANTED and Plaintiff is granted leave to amend.

///
///
///

## II. BACKGROUND

Plaintiff alleges that she is the owner of real property located on Oakland Avenue in Oakland, California ("the Property"). ECF No. 1 (Notice of Removal ("NOR")) Ex. 1 ("Compl."). A deed of trust recorded in Alameda County indicates that Plaintiff obtained an $875,000 loan from Option One Mortgage Corporation in 2006 that was secured by a deed of trust on the Property. ECF No. 12 (Request for Judicial Notice ("RJN")) Ex. 1.[1] Plaintiff alleges that she borrowed money from Defendants' predecessor-in-interest in order to use the Property, a duplex, "as a live-work property for retirement, or as an investment rental property to support Plaintiff's retirement." Compl. ¶ 12. On April 22, 2010, a notice of default was recorded against the Property, and on August 31, 2012, a notice of trustee's sale was recorded. RJN Exs. 8, 10. The trustee's sale was initially set for September 26, 2012, but was later postponed to October 30, 2012 and then postponed again to November 30, 2012. See Opp'n at 2.

Plaintiff filed the instant action in state court on September 25, 2012 -- one day before the originally scheduled trustee's sale. The Complaint asserts two causes of action: (1) violation of California Civil Code section 2923.5 and (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g. Compl.

---

[1] Plaintiff's objections to Defendants' RJN are OVERRULED and the Court takes judicial notice of the deed of trust and the other publicly filed documents attached to the RJN, but not the truth of the matters asserted by those documents. Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of "a fact that is not subject to reasonable dispute" because, among other things, it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Accordingly, the Court "may properly take notice of public facts and public documents." Cactus Corner, LLC v. U.S. Dept. of Agric., 346 F. Supp. 2d 1075, 1098 (E.D. Cal. 2004).

¶¶ 1-16. Plaintiff alleges that Defendants failed to comply with the notice requirements of section 2923.5, which allegedly requires that "lenders and/or servicers actively seek to help prevent foreclosures of residential properties by aiding homeowners with a review of their financial situations . . . ." Id. ¶ 6. Plaintiff further alleges that Defendants "engaged in unfair debt collection practices by scheduling a trustee sale on September 26, 2012, which it refused to postpone." Id. ¶ 9. As to the FDCPA, Plaintiff alleges that Defendants breached their obligations under 15 U.S.C. § 1692g by failing to provide Plaintiff with a "Debt Validation Notice" and by taking action contrary to Plaintiffs' rights under California Civil Code sections 2923.5 and 2923.6. Id. ¶ 15. Plaintiff prays for an injunction staying the trustee sale and damages, among other things.

The day after Plaintiff filed her complaint in state court, she moved for a temporary restraining order ("TRO"). NOR ¶ 1. The state court granted the TRO, setting a hearing on a preliminary injunction for October 18, 2012. Id. ¶ 2. On October 16, 2012, Defendants removed to federal court. On November 30, 2012 -- a few hours before the last scheduled trustee's sale -- Plaintiff filed an ex parte application for a TRO. ECF No. 15. The application was denied by this Court. ECF No. 16. Plaintiff avers that the trustee's sale then went forward as scheduled on November 30. See Opp'n at 3.

On November 16, 2012, two weeks prior to the trustee sale, Defendants moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).
///

## III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 663. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011).

## IV. DISCUSSION

Defendants move to dismiss on the grounds that (1) Plaintiff's claims are barred by the doctrine of tender; (2) California Civil Code section 2923.5 is inapplicable; and (3) foreclosing on a property pursuant to a deed of trust is not a debt collection

within the meaning of the FDCPA. The Court addresses each of these arguments below.

### A. Tender

Defendants first argue that the Complaint cannot state a claim because Plaintiff has not alleged that she is willing or able to tender a sum sufficient to cure her default. Mot. at 3. Defendants' argument is misplaced. As Defendants' own authority states, an allegation of tender is generally only required where a plaintiff seeks to cancel a voidable trustee sale. See FPCI RE-HAB 01 v. E & G Invs., Ltd., 207 Cal. App. 3d 1018, 1021 (Cal. Ct. App. 1989). Here, Plaintiff filed the Complaint and Defendants filed their motion to dismiss prior to the trustee's sale, i.e., before there was a voidable sale to cancel. Indeed, Plaintiff has yet to formally request a cancellation of the trustee's sale. The Complaint merely seeks a stay of the trustee's sale (which has since occurred) and damages. Accordingly, the tender rule does not bar Plaintiff's claims as pled.

### B. Civil Code Section 2923.5

Defendants also argue that Plaintiff's claim under California Civil Code section 2923.5 fails because the Property is not Plaintiff's principal residence. Mot. at 4. Pursuant to Civil Code section 2924.15(a), section 2923.5 only applies to "deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units."[2] For the purposes of section 2923.5, "'owner-occupied' means that the property is the principal residence of the borrower and is security for a loan made

---

[2] Defendants mistakenly cite to Civil Code section 2923.5(h)(3)(i) for the proposition that section 2923.5 only applies to owner-occupied property. Mot. at 4. That subsection has been repealed.

5

for personal, family, or household purposes." Cal Civ. Code § 2924.15(a).

The Court concludes that section 2923.5 does not apply here because, by Plaintiff's own admission, the Property is no longer owner occupied. According to the Complaint, Plaintiff intended to use the Property "as a live-work property for retirement, or as an investment rental property to support . . . retirement." Compl. ¶ 12. It is unclear what Plaintiff means by "live-work property," but the Property clearly would not be owner-occupied if it was rented to another. In her opposition brief, Plaintiff confirms that she does not currently live at the Property. Opp'n at 3. However, she contends that it continues to serve as her "principal residence" because she "lived in the property for a considerable amount of time and has retained it as a primary residence for mail contact and office residence, to date." Id. But the Property could hardly be considered owner-occupied or a principal residence if it is used only for business and mail-forwarding purposes.

Even if the Property were owner occupied, Plaintiff's claims under section 2923.5 are now moot. The only remedy available under section 2923.5 is the postponement of a foreclosure sale until the requirements of the statute have been met. Shaterian v. Wells Fargo Bank, N.A., 829 F. Supp. 2d 873, 886 (N.D. Cal. 2011) (citing Mabry v. Super. Ct., 185 Cal. App. 4th 208, 213 (Cal. Ct. App. 2010)). In this case, the foreclosure sale has already taken place.

Accordingly, Plaintiff's claim for violation of Civil Code section 2923.5 is DISMISSED WITH PREJUDICE.

///

**C. FDCPA**

Finally, Defendants argue that Plaintiff's FDCPA claim fails because foreclosing on a deed of trust does not qualify as debt collection under the Act. Mot. at 6. To state a claim under the FDCPA, a plaintiff must allege, among other things, "that the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6)." Geist v. OneWest Bank, C 10-1879 SI, 2010 WL 4117504, at *2 (N.D. Cal. Oct. 19, 2010). Under 15 U.S.C. § 1692a(6), "the term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts . . . ." This Court has previously held that "foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the . . . FDCPA." Gamboa v. Tr. Corps, 09-0007 SC, 2009 WL 656285, at *4 (N.D. Cal. Mar. 12, 2009).

Plaintiff argues that the Court should defer to the Consumer Financial Protection Bureau's (the "Bureau") position on the matter since that agency is charged with enforcement of the FDCA. Opp'n at 8. Specifically, Plaintiff points to an amicus brief filed by the Bureau in the Eleventh Circuit in 2011, in which the agency argued that an entity meeting the general definition of "debt collector" under the FDCPA qualifies as a debt collector for the purposes of the Act, even if its principal purpose is enforcing a security interest. See ECF No. 17-7 ("Amicus Br.") at 14. Courts will defer to a federal agency's interpretation of its own regulations, advanced in a legal brief, unless that interpretation is "plainly erroneous or inconsistent with the regulation." Chase

7

Bank USA, N.A. v. McCoy, 131 S. Ct. 871, 880 (2011). Further, "considerable respect is due the interpretation given [a] statute by the officers or agency charged with its administration." Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 566 (1980) (quotations omitted).

Nevertheless, nothing in the Bureau's amicus brief suggests that the FDCPA is applicable here. That brief concerned a case in which the defendant, a loan servicer, allegedly called the plaintiffs multiple times on a daily basis in an effort to collect on the plaintiff's mortgage payments. Birster v. Am. Home Mortg. Servicing, Inc., 481 F. App'x 579, 580-81 (11th Cir. 2012). The defendant also sent the plaintiffs correspondence expressly stating "THIS IS AN ATTEMPT TO COLLECT A DEBT." Id. at 580. In contrast, there are no plausible allegations of debt collection here. Plaintiff cryptically alleges that one of the defendants, Selene Finance, "used the US Mail to solicit money from Plaintiff after the default . . . ." Compl. ¶ 14. But the content of this solicitation is not alleged.

In its amicus brief, the Bureau argued that a defendant that engages in debt collection should not be exempt from the provisions of the FDCPA merely because that defendant is also involved in a foreclosure. See Amicus Br. at 8-10. However, the Bureau did not argue that foreclosure, by itself, constitutes a debt collection activity. In fact, the Bureau expressly declined to address that issue:

> Although the district court suggested that pursuing foreclosure, by itself, cannot constitute debt collection covered by the [FDCPA], the Court need not reach that question here. At a minimum, seeking

8

> payment from a debtor unquestionably qualifies as debt collection, even if it occurs in the context of foreclosure proceedings. The [plaintiffs] allege that [the defendant] repeatedly attempted to induce them to pay amounts owed on their mortgage. That was debt collection even thought it occurred in the context of foreclosure proceedings.

Id. at 12. In this case, Plaintiff has merely alleged that Defendants engaged in foreclosure proceedings. Without more, Plaintiff cannot state a claim under the FDCPA.

Accordingly, the Court DISMISSES Plaintiff's FDCPA claim with leave to amend. Plaintiff's amended complaint should specifically allege how Defendants engaged in debt collection activities and clearly distinguish between the actions of each Defendant.

**V.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. Plaintiff Therese C. Masson's first cause of action for violation of California Civil Code section 2923.5 is DISMISSED WITH PREJUDICE and her second cause of action for violation of the FDCPA is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall amend her Complaint within thirty (30) days of the signature date of this Order. Failure to do so may result in dismissal of this action with prejudice.

IT IS SO ORDERED.

Dated: January 24, 2013           _____

UNITED STATES DISTRICT JUDGE