1

2

3

4

5            IN THE UNITED STATES DISTRICT COURT

6         FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8  THERESE C. MASSON,         )  Case No. 12-05335 SC
                           )

9         Plaintiff,     )  ORDER GRANTING MOTION TO
                           )  EXPUNGE LIS PENDENS

10    v.                 )

11  SELENE FINANCE LP; SRMOF 2009-1 )

12  TRUST; SELENE RMOF       )
   REOACQUISITION LLC; US BANK   )

13  TRUST NATIONAL ASSOCIATION AS  )
   TRUSTEE FOR SRMOF REO 2011-1  )

14  TRUST; SELENE RMOF LLC, SOLE  )
   CERTIFICATE HOLDER OF SRMOF   )

15  2009-1 TRUST; POWER DEFAULT   )
   SERVICES, INC.; and DOES 1-50, )

16                           )
         Defendants.     )

17  _____)

18

19 **I.**   **INTRODUCTION**

20     Plaintiff Therese C. Masson ("Plaintiff") brings this action

21 in connection with the foreclosure and sale of real property at

22 654-656 Oakland Avenue, Oakland, California (the "Property").  In

23 connection with this action, Plaintiff has filed a lis pendens

24 against the Property in the Alameda County Recorder's Office.

25 Defendant now moves to expunge the lis pendens.  ECF No. 45

26 ("Mot.").  The motion is fully briefed and appropriate for

27 determination without oral argument per Civil Local Rule 7-1(b).

28 For the reasons set forth below, the Motion is GRANTED.

*United States District Court*
*For the Northern District of California*

**United States District Court**
For the Northern District of California

II.   **BACKGROUND**

Sometime after this case was removed to federal court, Defendants scheduled a foreclosure sale of the Property for 12:30 p.m. on November 30, 2012.  ECF No. 15.  On the morning of the scheduled sale, Plaintiff filed an ex parte application for a temporary restraining order ("TRO") enjoining the sale.[1]  Id.  The Court denied the TRO application, finding that Plaintiff waited too long to file it.  ECF No. 17.  The foreclosure sale went forward as scheduled on November 30.  Plaintiff has appealed the Court's ruling on the ex parte TRO application.  ECF No. 20.

The above-captioned defendants ("Defendants") later moved to dismiss Plaintiff's action.  The Court granted the motion, dismissing Plaintiff's claim for violation of California Civil Code section 2923.5 with prejudice and her claim for violation of the Fair Debt Collection Practices Act ("FDCPA") with leave to amend.  ECF No. 25.

Plaintiff amended her sole remaining claim for violation of the FDCPA, and Defendant again moved to dismiss.  ECF Nos. 30, 32.  Plaintiff failed to file an opposition to the motion within the time permitted by the Civil Local Rules.  In response to an order to show cause why the case should not be dismissed, Plaintiff represented to the Court that she would file an opposition no later than May 6, 2013, several weeks after the deadline set forth by the local rules.  ECF Nos. 34, 35.  By May 13, 2013, Plaintiff still had yet to file an opposition, and the Court dismissed the case.  ECF No. 38.  Plaintiff appealed that order too.  ECF No. 43.

---

[1] The ex parte application was not filed to ECF until 10:48 a.m. on November 30, 2012.

Defendants moved to expunge the lis pendens on July 2, 2013. ECF No. 45 ("Mot.").  After Plaintiff once again failed to file a response within the time permitted by the Civil Local Rules, the Court issued an order directing Plaintiff to file an opposition by August 5, 2013 -- which amounted to about a two-week extension. ECF No. 46.  Plaintiff filed an opposition on August 6, 2013, one day late.  ECF No. 47 ("Opp'n").  Defendant subsequently filed a reply.  ECF No. 48.

## III. <u>DISCUSSION</u>

Defendants argue that, since Plaintiff's opposition to the Motion is untimely, the Court should disregard it and grant the Motion.  The Court is also concerned with Plaintiff's consistent failure to adhere to Court deadlines.  However, as Plaintiff's opposition brief was filed only one day after the extended deadline set by the Court, the Court declines to ignore Plaintiff's arguments against expunging the lis pendens.

Accordingly, the Court turns to the substantive issues raised by the Motion.  Plaintiff's opposition brief is not a model of clarity, but it appears to acknowledge that <u>Amalgamated Bank v. Superior Court</u>, 57 Cal. Rptr. 3d 686 (Cal. Ct. App. 2007), sets forth the appropriate standard here.  <u>See</u> Opp'n at 6-8.  The Court agrees that <u>Amalgamated Bank</u> controls.  However, the Court rejects Plaintiff's reading of the case, which appears to be that a court must maintain the status quo by denying a motion to expunge lis pendens whenever an appeal is pending.  <u>See</u> <u>id.</u>

In fact, <u>Amalgamated Bank</u> holds: "[O]n a motion to expunge a lis pendens after judgment against the claimant and while an appeal

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  is pending, the trial court must grant the motion unless it finds

2  it more likely than not that the appellate court will reverse the

3  judgment." 149 Cal. App. 4th at 1015.  Plaintiff has not

4  enunciated any reasons why the Ninth Circuit would reverse this

5  Court's decisions on Plaintiff's TRO application or Defendants'

6  motion to dismiss, let alone why such an outcome is more likely

7  than not.[2]  Instead, she argues that the Court should deny the

8  motion because Defendants have advanced the wrong law.  See Opp'n

9  at 9.  But Defendants are correct that California places the burden

10  on the party filing a lis pendens to show the "probable validity"

11  of his or her claim.  See Amalgamated Bank, 149 Cal. App. 4th at

12  1007-08; Mot. at 2.  In any event, since the burden is on

13  Plaintiff, Defendants' failure to cite the appropriate law would

14  not be fatal to their Motion.

15      As Plaintiff has failed to meet or otherwise address her

16  burden here, Defendants' Motion is GRANTED.

17

18  **IV.   CONCLUSION**

19      For these reasons, the Court GRANTS Defendants' motion to

20  expunge the lis pendens.  The lis pendens against the real property

21  at 654-656 Oakland Avenue, Oakland, California is hereby expunged.

22

23      IT IS SO ORDERED.

24

25  Dated:  August 15, 2013                 _____

26                                          UNITED STATES DISTRICT JUDGE

27

28  [2] Plaintiff also has yet to file any briefs with the Ninth Circuit
in connection with her appeal of the order dismissing the case.

4